jacket, and an officer observed defendant throw a gun to the ground. The gun was recovered approximately 20 feet from where defendant was apprehended. We conclude that the furtive actions of defendant, when considered together with the information from the confidential informant and defendant's flight, provided reasonable suspicion that defendant had committed, was committing or was about to commit a crime (*see, People v Sierra*, 83 NY2d 928, 930; *People v De Bour, supra,* at 223).

The sentence of 25 years to life is neither unduly harsh nor severe. (Appeal from Judgment of Monroe County Court, Marks, J.—Murder, 2nd Degree.) Present—Pigott, Jr., P. J., Green, Hayes, Scudder and Kehoe, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK HERMAN, Appellant. [716 NYS2d 630] —Judgment unanimously affirmed for reasons stated in decision at Supreme Court, Mark, J. (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Attempted Criminal Possession Controlled Substance, 5th Degree.) Present—Pigott, Jr., P. J., Green, Hayes, Scudder and Kehoe, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MALCOLM BROWN, Appellant. [716 NYS2d 504] —Judgment unanimously affirmed. Memorandum: We reject the contention that defendant was deprived a fair trial when the prosecutor commented on and elicited evidence concerning two uncharged crimes without obtaining a *Ventimiglia* ruling. First, testimony that defendant was in possession of bolt cutters and copper pipe at the time of his arrest is not evidence of an uncharged crime because possession of those items is not illegal (*see, People v Powell,* 209 AD2d 879, 881, *lv denied* 84 NY2d 1037). That evidence, moreover, was necessary "to complete the narrative of the episode" (*People v Gines,* 36 NY2d 932, 932-933) and to explain why the police pursued and arrested defendant (*see, People v Conyers,* 160 AD2d 318, 319, *lv denied* 76 NY2d 786). Second, defendant was not accused of stealing copper pipe from 15 Rosewood Terrace, one of the locations that he allegedly burglarized. Thus, *Ventimiglia* was not implicated and the prosecutor was not required to seek an advance ruling with respect to the admissibility of evidence that copper pipe had been removed from that address (*see, People v Kyser,* 183 AD2d 238, 242, *lv denied* 81 NY2d 888). (Appeal from Judgment of Monroe County Court, Egan, J.—Burglary, 3rd Degree.) Present—Pigott, Jr., P. J., Green, Hayes, Scudder and Kehoe, JJ.

■ RENEE FRANCISCO et al., Respondents, v GENERAL MOTORS CORPORATION, Appellant, et al., Defendants. (Appeal No.

1.) [716 NYS2d 630] —Appeal unanimously dismissed without costs (*see, Matter of Eric D.* [appeal No. 1], 162 AD2d 1051). (Appeal from Order of Supreme Court, Allegany County, Cosgrove, J.— Discovery.) Present—Pigott, Jr., P. J., Green, Hayes, Scudder and Kehoe, JJ.

■ RENEE FRANCISCO et al., Respondents, v GENERAL MO-TORS CORPORATION, Appellant, et al., Defendants. (Appeal No. 2.) [716 NYS2d 509] —Appeal from order insofar as it denied reargument unanimously dismissed (*see, Empire Ins. Co. v Food City*, 167 AD2d 983, 984) and order modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiffs commenced this action to recover damages for injuries sustained by Renee Francisco (plaintiff) when the vehicle she was driving suddenly accelerated and struck a tree. Plaintiffs served General Motors Corporation (defendant) with interrogatories and a notice for discovery and inspection of documents. After defendant responded, plaintiffs moved to compel further responses. By order dated June 19, 1998, Supreme Court (Nenno, J.) granted plaintiffs' motion in part, and neither plaintiffs nor defendant appealed from that order. In May 1999, plaintiffs again moved to compel defendant to provide further responses, specifically with respect to interrogatories numbered 2 through 5 and document requests numbered 1 through 5 and 17. By order dated August 5, 1999, Supreme Court (Cosgrove, J.) granted plaintiffs' motion in its entirety. Defendant moved for reargument and plaintiffs crossmoved for the same relief sought in their May 1999 motion. By order dated December 9, 1999, Justice Cosgrove denied defendant's motion and granted plaintiffs' cross motion. Defendant appeals from the August and December 1999 orders, and we now modify the December 1999 order.

Justice Cosgrove did not abuse his discretion in granting that part of plaintiffs' cross motion with respect to interrogatories numbered 2 through 5, which sought information from defendant concerning any complaints of unwanted acceleration. Defendant objected to those interrogatories on the ground that they were not time-limited, and further objected on the ground that they were overly broad, unduly burdensome, and would not lead to admissible evidence. Justice Nenno's order directed plaintiffs to specify a time period for the request. In their motion before Justice Cosgrove, plaintiffs specified a time period from 1964 to 1989. We reject defendant's contention that Justice Nenno's order required plaintiffs to make a further showing of relevancy for those requests.

Justice Cosgrove erred, however, in granting that part of the